People v Perez (2018 NY Slip Op 04765)





People v Perez


2018 NY Slip Op 04765


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2012-09335

[*1]People of State of New York, respondent,
v
Jose Perez, appellant.


Seymour W. James, Jr., New York, NY (Harold V. Ferguson of counsel; John McKay on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated October 12, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was designated a level two sex offender pursuant to the Sex Offender Registration Act (hereinafter SORA; see Correction Law art 6-C). The defendant contends that the Supreme Court erred when it assessed him 30 points under risk factor 9 of the risk assessment instrument based on a prior conviction of lewdness in New Jersey (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006; hereinafter Guidelines]).
Risk factor 9 is titled "Number and Nature of Prior Crimes" (Guidelines at 13). The Guidelines state that "[a]n offender's prior criminal history is significantly related to his likelihood of sexual recidivism, particularly when his past includes violent crimes or sex offenses" (id .). Risk factor 9 therefore "incorporates this research by assessing an offender 30 points if he has a prior conviction or adjudication for a Class A felony of Murder, Kidnaping, or Arson, a violent felony, a misdemeanor sex crime, or endangering the welfare of a child, or any adjudication for a sex offense" (id .).
Here, the Supreme Court properly assessed the defendant 30 points for his prior New Jersey conviction of lewdness. The defendant's prior New Jersey conviction constituted "a misdemeanor sex crime" under New York law for the purposes of risk factor nine (Guidelines at 13; [*2]compare NJ Stat Ann § 2C:14-4[b][1], with Penal Law § 245.00[b][i]). Contrary to the defendant's contention, the prior conviction properly qualified as a "misdemeanor sex crime" under the Guidelines despite the fact that it did not constitute the New York equivalent of a "sex offense" within the meaning of Correction Law § 169-a(2), and is not otherwise codified under article 130 of the Penal Law (accord Guidelines at 2 n 2).
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court